755 F.2d 932
 119 L.R.R.M. (BNA) 2696
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
H. SAMUEL KEMP, PLAINTIFF-APPELLANT,
v.
UNITED STATES POSTAL SERVICE AND LOCAL 307 OF THE NATIONAL
POST OFFICE MANHANDLERS UNION, DEFENDANTS-APPELLEES.
 NO. 84-1289
 United States Court of Appeals, Sixth Circuit.
 1/29/85
 ORDER
 
 1
 BEFORE: MERRITT and WELLFORD, Circuit Judges; and HILLMAN, District Judge.*
 
 
 2
 This matter is before the Court upon Kemp's motion for a transcript at government expense. He appeals from the district court order granting summary judgment for appellees. This case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record and Kemp's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Kemp, a Black American, is a former employee of the United States Postal Service (U.S.P.S.). He was a member of Local 307 of the National Post Office Mailhandlers, Watchmen, Messengers and Group Leaders Division of the Laborers International Union of North America, AFL-CIO (union). Kemp was given a 'Notice of Removal' on December 14, 1982, which informed him that he was being terminated on January 15, 1983 for making false statements on his 1981 employment application. The notice apprised Kemp of his right to pursue the union grievance procedure. The union did initiate grievance proceedings on Kemp's behalf. However, after investigation, the local president decided not to arbitrate the grievance because he thought that Kemp's claim lacked merit. Kemp filed the present lawsuit on June 2, 1983. He alleges that: 1) the U.S.P.S. discharged him without 'just cause' in violation of its collective bargaining agreement with the union; 2) he was discharged in reprisal for filing a lawsuit against the U.S.P.S.; 3) the union breached its duty of fair representation; and 4) his discharge violated the Fifth Amendment Due Process Clause. All parties moved for summary judgment. The district court found that the U.S.P.S. had not breached the collective bargaining agreement by firing Kemp for falsifying his employment application. It found that the U.S.P.S. in Article 12, 12.1(B) of the collective bargaining agreement unambiguously reserved the right to terminate employees for falsification of employment applications. Therefore, no issue of just cause was presented. Whitten v. Anchor Motor Freight, Inc., 521 F.2d 1335, 1339 (6th Cir. 1975), cert. denied, 425 U.S. 981 (1976). The district court also found since the U.S.P.S. did not breach the collective bargaining agreement, Kemp could not as a matter of law prove that the union breached its duty of fair representation. Clayton v. Automobile Workers, 451 U.S. 679, 683 n. 14 (1981); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976). Finally, the court found that the grievance procedure outlined in the collective bargaining agreement satisfied the Fifth Amendment Due Process Clause. American Postal Workers Union v. U.S. Postal Service, 736 F.2d 316, 317 (6th Cir. 1984). Accordingly, the district court properly held that there was no genuine issue of material fact, and entered summary judgment for both the U.S.P.S. and the union.
 
 
 4
 It is ORDERED the motion for transcript at government expense is denied and the judgment of the district court is affirmed for the reasons set forth in the memorandum opinion of Judge Ralph M. Freeman dated April 11, 1984. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Douglas W. Hillman, U.S. District Judge for the Western District of Michigan, sitting by designation